Filed 9/26/16  P. v. Ploss CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E065125 |
| v. | (Super.Ct.No. RIF10000876) |
| CHARLES WALTER PLOSS, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina and Annie

Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

In January 2011, defendant and appellant Charles Walter Ploss pleaded guilty to

unlawfully buying or receiving a vehicle with a prior vehicle theft conviction.

1

(Pen. Code,[1] §§ 496d, subd. (a),[2] 666.5, subd. (a); Veh. Code, § 10851, subd. (a).) He further admitted four prison priors (§ 667, subd. (b)) and a strike prior (Pen. Code, § 667, subds. (c) and (e)(2)(A), § 1170.12, subd. (c)(2)(A)). The trial court imposed an aggregate sentence of 12 years as follows: the upper term of four years, doubled because of his strike, and one year each for the prison priors.

On May 20, 2015, defendant petitioned for relief pursuant to the Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election. The People opposed the petition, and the trial court denied it on the ground that section 666.5, subdivision (a), is not a qualifying felony. Defendant appeals, challenging the court's denial. We affirm.

## I. FACTS

Because defendant pleaded guilty, there is no information in the record about the facts of the crime other than that found in the amended information[3] and plea. Based on the amended information and plea, defendant had a prior felony conviction for auto theft, and willfully and unlawfully bought and received a 1996 Jeep Cherokee that had been obtained by theft and extortion.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing . . ." shall be convicted of either a misdemeanor or felony. (§ 496d, subd. (a).)

[3] The original complaint was superseded by information filed July 7, 2010, and by amended information filed December 7, 2010.

## II.  DISCUSSION

### A.  Proposition 47; Relevant Provisions.

On November 4, 2014, California voters approved Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision: section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id*. at p. 1092.)

As relevant to the present case, Proposition 47 amended section 496, receiving stolen property, newly providing that if the value of the property at issue does not exceed $950, the offense is a misdemeanor, unless it was committed by certain ineligible defendants.  (§ 496.)  Proposition 47 did not explicitly amend sections 496d or 666.5, the sections at issue in the present appeal, which prohibit the knowing purchase or receipt of a stolen motor vehicle with a prior auto theft conviction.  (See § 1170.18, subd. (a) [listing sections amended or added by Prop. 47].)  In other words, receiving a stolen

vehicle is not now a misdemeanor under Proposition 47;[4] however, even if it were, receiving a stolen vehicle with a prior vehicle theft conviction would remain a felony pursuant to section 666.5.

**B.  Standard of Review.**

Whether Proposition 47 applies to defendant's conviction offenses is a question of statutory interpretation that we review de novo.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)  We review any factual findings of the trial court for substantial evidence.  (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.)

**C.  Analysis.**

Defendant contends that the trial court erred in denying his petition because the voters intended to include section 666.5 under Proposition 47.  He argues that the court's holding "violates both the express wording of Proposition 47, which applies to all thefts under nine hundred fifty dollars ($950.00), as well as the vehicle theft statute, the case law, and the legislative purpose behind the proposition."  (Original underlining.)  We disagree.

To construe Proposition 47 to include unlawfully buying or receiving a vehicle with a prior vehicle theft conviction would violate the cardinal rule of statutory construction.  """"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.""""  (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)  Proposition 47 lists a specific series of crimes that qualify for reduction to a

---

**4**  This issue is currently under review in the California Supreme Court in *People v. Garness* (2015) 241 Cal.App.4th 1370, review granted January 27, 2016, S231031.

misdemeanor separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) That list does not include violation of section 496d (receiving a stolen vehicle) with a prior theft conviction involving a vehicle (§ 666.5). "The legislative inclusion of the . . . crimes as exceptions necessarily excludes any other[s] . . . ." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.)

Furthermore, as noted, section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that were amended or added by Proposition 47. (§ 1170.18, subd. (a).) Defendant here would not have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense, because by its plain terms, a violation of section 496d with a prior theft conviction involving a vehicle under section 666.5 requires felony punishment. Section 496d punishes persons who knowingly buy or receive any motor vehicle that has been stolen or has been obtained in any manner constituting theft or extortion. (§ 496d, subd. (a).) Pursuant to the plain language of the statute, the offense is a "wobbler," as it may be punished as either a felony or a misdemeanor. (§ 496d, subd. (a) [offense "shall be punished by imprisonment . . . for 16 months or two or three years . . . or by imprisonment in a county jail not to exceed one year . . . ."].) Pursuant to section 666.5, in cases such as this, where a defendant has a prior conviction for the unlawful taking or driving of a vehicle, a violation of section 496d shall be punished as a

5

felony.  (§ 666.5, subd. (a).[5])  Because section 666.5 explicitly requires felony punishment for recidivist offenders who violate section 496d, defendant's violation of section 496d is not a wobbler offense, punishable either as a felony or misdemeanor. (§ 666.5, subd. (a); *People v. Park* (2013) 56 Cal.4th 782, 789 [crimes classified as either a felony or misdemeanor are often classified by the punishment prescribed; wobblers "are chargeable or . . . punishable as either a felony or a misdemeanor"].)  Proposition 47 left intact the language in sections 666.5 and 496d.[6]  Based on the statutory language alone, whether before or after Proposition 47, defendant would be convicted for a felony violation of section 496d with his prior vehicle theft conviction.  (§ 666.5, subd. (a).)

Undeterred by the plain statutory language of Proposition 47, defendant contends that Proposition 47 "materially altered" "the manner in which a theft-related offense, including the theft of an automobile, such as that found in this case, is defined and

---

[5]  "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code [theft and unlawful driving or taking of a vehicle], or felony grand theft involving an automobile in violation of subdivision (d) of Section 487 . . . or a felony violation of Section 496d regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years . . . ."  (§ 666.5, subd. (a).)  Section 666.5 increases the base term for recidivists, and "[t]he Legislature's obvious purpose in enacting . . . section 666.5 was to increase the punishment for repeat offenders."  (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540-1541.)

[6]  Pursuant to section 666, which was amended by Proposition 47, petty theft offenses are misdemeanors for persons with prior convictions for petty theft, grand theft, auto theft, burglary, carjacking, and robbery, among other things.  (§ 666, subd. (a).)  Had the voters meant to also reduce the penalties for recidivist offenders who receive or obtain stolen vehicles, they could have amended section 666.5.  Their decision not to do so once again indicates an intent to treat crimes involving vehicle theft differently than other types of property crime.

punished . . . ." Relying on the introductory clause of section 490.2, he asserts that Proposition 47 "replaced the polyglot manner of defining grand theft by reference to either the value of the property, the nature of the property, or the manner in which the property was stolen, with a single definition that focused on the value of property, which was kept at $950.00." Thus, defendant argues that "although vehicle theft is not specifically enumerated in Proposition 47, section 490.2, by referring to 'any other provision of law defining grand theft,' constitutes a 'catch-all' provision by which all theft-related offenses, including the count at issue in this case, are to be considered misdemeanors where the value of stolen property does not exceed $950.00." (Original underlining.) For defendant, the key is the value of the property, not the type of property.

Defendant's interpretation of the statutory scheme does not comport with the statutory construction cannon of *expressio unius est exclusio alterius*. Under this cannon, the "expression of certain things in a statute necessarily involves exclusion of other things not expressed." (*Henderson v. Mann Theatres Corp*. (1976) 65 Cal.App.3d 397, 403.) Here, section 1170.18 lists a specific series of offenses added or amended by Proposition 47, and that list does not include section 496d offenses with prior vehicle theft convictions. Nor does it include any general reference to the offense of knowingly obtaining a stolen vehicle. We find nothing in section 1170.18, such as the use of the word "including," that would suggest this list was not intended to be exhaustive. It is simply not our role to interpose additional changes to the Penal Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

7

Moreover, on its face, section 490.2 does no more than amend the definition of petty theft, as articulated in section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (§ 490.2.) Section 496d, whether or not enhanced under section 666.5 by a prior vehicle theft offense, does not proscribe theft of either the grand or petty variety, but rather the receiving a vehicle "knowing the property to be stolen." (§ 496d.) Section 490.2 is simply inapplicable to defendant's conviction offenses.

In short, the offense of which defendant was convicted is not among those reduced to a misdemeanor by Proposition 47, so the trial court correctly determined him to be ineligible for recall of his sentence and resentencing pursuant to section 1170.18.[7]

III  DISPOSITION

We affirm the order denying defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.

---

[7] Because we have concluded that defendant is not entitled to relief under Proposition 47, we likewise conclude that he is not entitled to have his prior conviction enhancements (§ 667.5, subd. (b)) stricken.

8