Filed 3/13/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C096164 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR0097) |
| v. | |
| MATTHEW AARON BURKE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Michael J. McLaughlin, Judge.  Affirmed with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Catherine Tennant Nieto, Deputy Attorney General, for Plaintiff and Respondent.

After the trial court denied defendant Matthew Aaron Burke's request to strike a prior strike conviction under Penal Code[1] section 1385 and to consider applying recent amendments to section 1385 to that determination, defendant pled no contest to identity theft and admitted the prior strike conviction.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) We requested supplemental briefing on whether the amendments to section 1385 enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) apply to prior strike convictions. Defendant contends the language and legislative history demonstrate the Legislature's intent that the amendments apply to prior strike convictions. The People disagree, arguing the plain language of the statute demonstrates the amendments apply only to enhancements. We find the People's argument more persuasive.

Having reviewed the supplemental briefing and the record as required by *Wende*, we have, however, discovered errors that require correction. There is a discrepancy between the trial court's oral pronouncement of judgment and the abstract of judgment regarding fines and fees. We find no other arguable error that would result in a disposition more favorable to defendant. We will order the court to correct the abstract of judgment to conform with the oral pronouncement of judgment, and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Abigail W.'s purse was stolen from the employee breakroom at her job. Two of her bank cards were used to make fraudulent purchases at several local businesses.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Counsel stipulated to, and the trial court found, a factual basis for the plea without identifying any document supporting that factual basis. (*People v. Palmer* (2013)

Defendant was seen on video making one of the purchases. Other purchases were made by a man driving a U-Haul truck. Defendant was later seen getting into the driver's side of the truck. Officers detained and searched defendant and found he was in possession of one of the stolen bank cards and some of the fraudulently purchased items.

Defendant was charged with identity theft and bringing contraband into jail. In addition, the complaint included a prior strike allegation for a robbery conviction sustained in 2008, under the heading "ENHANCEMENT 1."

Pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and section 1385, defendant made a motion for the court to exercise its discretion to dismiss the prior strike for purposes of sentencing. In that motion, defendant also argued pursuant to recent changes to section 1385 added by newly enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), the trial court was required to " 'consider and afford great weight' " to applicable mitigating factors when deciding whether to dismiss the strike in the interest of justice. Specifically, defendant argued the court was required to give great weight to the fact that his current offense was not a violent felony (§ 1385, subd. (c)(3)(F)) and the prior conviction was over five years old (§ 1385, subd. (c)(3)(H)). Defendant argued his present offense was not violent and his prior strike conviction occurred over 13 years earlier. Accordingly, defendant concluded the court should give great weight to these circumstances.

The prosecution opposed the motion. The prosecution argued the new provisions of section 1385, subdivision (c) applied to *enhancements*, and a prior strike conviction is not an enhancement for purposes of section 1385. Rather, the prosecution contended that

---

58 Cal.4th 110, 118-119 [stipulation to factual basis that does not identify underlying basis can satisfy requirements of § 1192.5].) Defendant waived a preliminary examination and a probation report. Here, we may properly treat defendant's factual statement in his brief as factual admissions and base our statement of facts and analysis on these facts. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 506, fn. 1; *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 674.)

under the Three Strikes law, a prior strike conviction is part of an alternative sentencing scheme.  (§§ 667, subds. (b)-(i), 1170.12.)

Defendant replied the plain meaning and legislative intent of Senate Bill No. 81 made clear the Legislature intended to provide clear guidance to judges on how and when they may dismiss sentencing enhancements and other allegations that would lengthen a defendant's sentence.  As evidence of the plain meaning of "enhancements" as including strikes, defendant noted the district attorney's office titles all strikes as enhancements in its charging documents.  Defendant also argued that for purposes of section 1385, the Three Strikes law could be both an alternative sentencing scheme and an enhancement.

At the *Romero* hearing, the trial court noted it and other members of the criminal trial court bench had determined Senate Bill No. 81 was not applicable to prior strike convictions, although it also agreed the statute was "a bit confusing as to [its] application to prior strikes."  The court concluded Senate Bill No. 81 did not apply to strikes.  After additional discussion from the parties on the motion to strike (absent the application of Senate Bill No. 81), the trial court determined it could not find defendant fell outside the spirit of the Three Strikes law and denied the *Romero* motion.

Defendant then pled no contest to identity theft and admitted the prior strike "enhancement."  In accordance with the plea, the trial court sentenced defendant to "a midterm sentence of two years doubled for the . . . , strike . . . , to four years."  The court awarded defendant 329 days of presentence custody credits.  The trial court waived fines and fees.

Defendant appeals.  The trial court granted defendant's certificate of probable cause.

4

DISCUSSION

I

*Application Of Senate Bill No. 81 To Prior Strike Convictions*

In response to our request for supplemental briefing, defendant argues the Legislature intended the amendments to section 1385 made by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) to apply to prior strike convictions and that the legislative history supports this interpretation. The People contend the plain language of the statute unambiguously applies only to *enhancements*, and the Three Strikes law is not an enhancement. We find the People's argument more convincing.

Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) "To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by familiar canons of statutory construction. '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]" ' [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] 'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151.)

Under section 1385, subdivision (a) the trial court "may, . . . in furtherance of justice, order an action to be dismissed." This authority under section 1385,

5

subdivision (a) includes the power to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 158.)

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to add specific mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (§ 1385, subd. (c); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.)

Subdivision (c) of section 1385 expressly applies to the dismissal of an "enhancement." (§ 1385, subd. (c)(1).) "Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning." (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.) The term "enhancement" has a well-established technical meaning in California law. (*Romero*, *supra*, 13 Cal.4th at pp. 526-527.) "A sentence enhancement is 'an additional term of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101, italics omitted; see *People v. Tirado*, *supra*, 12 Cal.5th at p. 695, fn. 9; see also Cal. Rules of Court, rule 4.405(5).) It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. (*Romero*, at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.) We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the

6

distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law.  (*People v. Atkins* (2001) 25 Cal.4th 76, 89-90.)  The Legislature did not otherwise define the word "enhancement" in section 1385.  Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant.[3]  (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.)  The plain language of subdivision (c) of section 1385 applies only to an "enhancement," and the Three Strikes law is not an enhancement.  We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law.

---

[3]     We recognize much of the legislative history is inconsistent with this plain language and suggests that the term enhancement includes the Three Strikes law.  This inconsistency is particularly notable in the repeated expressions that Senate Bill No. 81 was intended to codify the recommendations of the Committee on the Revision of the Penal Code, and by including a link to the full report in the June 29, 2021 Assembly Committee on Public Safety analysis, and quotations from the report in several other legislative reports.  (Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Apr. 27, 2021, p. 3; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Apr. 27, 2021, p. 4; Sen. Com. on Pub. Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Feb. 8, 2021, p. 6.)  The Committee on the Revision of the Penal Code report repeatedly refers to "Strikes" as enhancements rather than using the technical legal meaning and does not separate "Strikes" from inclusion in its recommendation. (Com. on the Revision of Pen. Code, 2020 Annual Report and Recommendations (Feb. 2021) pp. 39, 40, 42; *id*. at p. 38 ["The most common enhancements include extended sentences for use of a firearm, the Three Strikes law, the Street Terrorism Enforcement and Protection Act (gang enhancements), and the five-year serious felony enhancement ('nickel prior')"].)  To the extent this history reflects a legislative intent different than that expressed in the plain language of the bill, that is a matter for the Legislature to correct.

## II

### *Abstract of Judgment*

Having reviewed the record, as required by *Wende*, we have discovered the abstract of judgment reflects clerical errors that require correction. Specifically, the abstract of judgment reflects imposition of a $300 restitution fine, an identical conditionally suspended parole revocation fine, a $40 court operations assessment, and a $30 conviction assessment. The trial court, however, did not orally pronounce these fines and fees, nor does the minute order reflect imposition of these fines and fees.

Ordinarily, where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) Here, the court stated, without objection by the prosecution, "In light of the prison sentence, the Court will waive fines and fees." Given the prosecution's lack of objection, any claim of error would be forfeited. (*People v. Tillman* (2000) 22 Cal.4th 300.) Nor would correction of this error result in a disposition more favorable to defendant. We therefore see no error in the court's oral pronouncement, and it must control over the abstract of judgment. Accordingly, we will order the trial court to correct the abstract of judgment to strike the fines and fees, consistent with the oral pronouncement of judgment.

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to strike the $300 restitution fine and corresponding parole revocation restitution fine, the $40 court operations assessment, and the $30 criminal conviction assessment.  The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


/s/_____
ROBIE, Acting P. J.



We concur:




/s/_____
HULL, J.




/s/_____
MAURO, J.

9