[No. A072655. First Dist., Div. One. Aug. 27, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
RODGER CARTER, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Certified for publication except as to parts I, II, III, IV and section C of part V. (Cal. Rules of Court, rules 976(b) and 976.1.)

## COUNSEL

Mark L. Christiansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Shannon Garcia Chase, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STRANKMAN, P. J.**—Appellant Rodger Carter was convicted by a jury of violating Vehicle Code section 10851, and the trial court found he had a prior felony conviction within the meaning of Penal Code section 666.5.

Penal Code section 666.5 is a repeat offender provision mandating an increased penalty for a person previously convicted of "felony vehicle theft under section 10851 of the Vehicle Code" who is subsequently convicted of that offense. This appeal requires us to consider the meaning of the term "vehicle theft." We conclude in the published portion of this opinion that Penal Code section 666.5 applies to all previous and current felony convictions of Vehicle Code section 10851, not solely those convictions based on a finding that the defendant intended to permanently deprive the owner of possession of the vehicle.

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1536.

## V. Sentencing

### A. *Background*

The information charged appellant and a codefendant with a violation of Vehicle Code section 10851 in that they did "drive and take a vehicle . . . without the consent of the owner and with the intent to deprive the owner of possession of said vehicle." The information also alleged that appellant had a prior vehicle theft conviction in violation of Vehicle Code section 10851, for which he served a prison term. (Pen. Code, §§ 666.5, 667.5, subd. (b).)

At trial, the jury was instructed correctly that a conviction of violating Vehicle Code section 10851 may be based on proof that the defendant had the specific intent to deprive the owner either permanently or temporarily of title or possession of the vehicle. The jury rendered a general verdict, finding appellant guilty of the Vehicle Code violation as charged in the information.

Appellant waived his right to a jury trial on the prior and the matter was tried by the court. To prove the prior, the prosecutor submitted: (1) an April 1994 information charging appellant with "a violation of Section 10851 of the Vehicle Code" in that he did "drive and take a vehicle . . . without the consent of the owner and with the intent to deprive the owner of possession of said vehicle"; (2) a waiver form stating in pertinent part that appellant was pleading no contest to violating Vehicle Code section 10851; (3) a May 31, 1994, abstract of judgment indicating that appellant was convicted of "Auto theft" in violation of Vehicle Code section 10851, based upon a plea; and (4) a fingerprint card. The prosecutor also submitted a reporter's transcript of the 1994 plea proceedings. That transcript indicates that immediately before taking appellant's plea, the court asked the prosecutor: "And with respect to the way it is charged, Mr. Dal Porto, are you proceeding on a driving or taking theory." The prosecutor responded, "Driving." The court then asked appellant, "How do you plead, then, Mr. Carter, to a violation of Section 10851 of the Vehicle Code in that . . . you did then and there drive a vehicle . . . without [the owner's] consent and with the intent to deprive her of possession of the vehicle?" Appellant pled no contest.

After considering those documents and also hearing testimony by a fingerprint comparison expert, the trial court found that appellant had suffered a prior felony conviction of "auto theft," for which he served a prison term.

### B. *Proof of the Prior Conviction*

The version of Penal Code section 666.5, subdivision (a) in effect when appellant's crime was committed provided in pertinent part: "Every person

who, having been previously convicted of *felony vehicle theft under Section 10851* of the Vehicle Code, or felony grand theft involving an automobile . . . is subsequently convicted of any of these offenses shall be punished by imprisonment in the state prison for three, four, or five years . . . ." (Italics added.) (Stats. 1993, ch. 1125, § 10, No. 11 West's Cal. Legis. Service, p. 5079.)

Appellant was sentenced to the maximum term of five years. ■ He contends the sentence was improper because the prosecutor did not prove that his current offense and his prior conviction were for "vehicle theft under Section 10851," the term used in Penal Code section 666.5. Appellant reasons his prior conviction was not necessarily a conviction of "vehicle theft" under Vehicle Code section 10851 because one may violate that section without intending to permanently deprive the owner of possession of his or her vehicle. Appellant insists the enhanced penalty authorized by Penal Code section 666.5 can apply only when the current and prior offenses both were based on a finding of intent to commit theft, i.e., to permanently deprive.

■ To determine whether appellant's interpretation of the statute is correct, we look to familiar principles of statutory construction. We must ascertain the intent of the Legislature to effectuate the purpose of the law. We first look to the words of the statute itself. If those words are not ambiguous, we presume that the Legislature meant what it said and the plain meaning of the statute is controlling. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning. (See *In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438-1439 [35 Cal.Rptr.2d 155]; *Texas Commerce Bank* v. *Garamendi* (1992) 11 Cal.App.4th 460, 475 [14 Cal.Rptr.2d 854].)

At the same time, we cannot read the words of a statute in isolation, ignoring their context. We must read a statute as a whole and attempt to harmonize its elements by considering each clause or section in the context of the overall statutory framework. (*People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) We are obligated to select the construction that comports most closely with the apparent intent of the Legislature, to promote rather than defeat the statute's general purpose and to avoid an interpretation that would lead to absurd and unintended consequences. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27].) We must not construe a statute in a manner that renders its provisions essentially nugatory or ineffective, particularly when that interpretation would frustrate the underlying legislative purpose. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-901 [276 Cal.Rptr. 918, 802 P.2d 420].)

The term "vehicle theft under Section 10851" has been used consistently in the various versions of Penal Code section 666.5 since its initial enactment in 1988. (Stats. 1988, ch. 1628, § 1, p. 5934; Stats. 1989, ch. 930, § 9, p. 3257; Stats. 1993, ch. 1125, §§ 10, 11, No. 11 West's Cal. Legis. Service, pp. 5079-5080; Stats. 1995, ch. 101, §§ 1, 2, No. 4 West's Cal. Legis. Service, p. 383.) When the statute was first enacted, the punishment for a felony conviction of Vehicle Code section 10851 was sixteen months, or two, or three years. (See Stats. 1986, ch. 1214, § 1, pp. 4293-4294; see Pen. Code, § 18.) The initial version of Penal Code section 666.5 increased the penalty for a person "previously convicted of felony vehicle theft under Section 10851 of the Vehicle Code, or felony grand theft involving an automobile in violation of subdivision (3) of Section 487" to two, three, or four years. (Stats. 1988, ch. 1628, § 1, p. 5934.)

The Legislature's obvious purpose in enacting Penal Code section 666.5 was to increase the punishment for repeat offenders. When that statute was originally enacted, it was well established that a conviction of violating Vehicle Code section 10851 did not necessarily require a finding that the defendant intended to commit theft. As the Supreme Court explained in *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706], Vehicle Code section 10851 proscribes a wide range of conduct. Absent special instructions requiring specific findings on intent, a jury could find a defendant guilty of violating that statute without determining whether the defendant intended to steal or simply to temporarily deprive the owners of possession of their vehicle. (*Jaramillo*, *supra*, at pp. 758-760 & fn. 6.) To interpret Penal Code section 666.5 as applicable only in the rare and exceptional case in which it could be ascertained somehow that the prior conviction was based on a finding of intent to permanently deprive would render the statute essentially nugatory, defeating the manifest legislative purpose. We cannot believe the Legislature intended its application to be so limited.

The Omnibus Motor Vehicle Theft Act of 1989 (Stats. 1989, ch. 930, §§ 1-13, pp. 3246-3267; hereafter the Act), which amended and added several statutes dealing with motor vehicles and criminal activity, supports our conclusion about the Legislature's generic use of the term "vehicle theft." The uncodified statement of purpose prefacing the Act repeatedly uses that term. It states: "The Legislature finds and declares that the rapid increase in motor *vehicle theft* has reached crisis proportions within the state, and that there is a lucrative *vehicle theft* industry which has spawned the development of sophisticated criminal operations. The Legislature further finds that the escalating problem of *vehicle theft* is nurtured by the lack of any serious deterrent to this crime, and that vehicle thieves consider sanctions under existing law merely as routine operating costs. [¶] Therefore, the

Legislature believes that it is in the best interest for public safety to enhance the penalties for the crimes of *vehicle theft* and receiving stolen vehicles." (Stats. 1989, ch. 930, § 1, pp. 3246-3247, italics added.)

Among the statutes amended to further this goal of enhancing penalties for "vehicle theft" was Vehicle Code section 10851 itself. The maximum punishment for a violation of that section was increased temporarily. (Stats. 1989, ch. 930, § 11, pp. 3258-3259; see, generally, *In re Pedro T.* (1994) 8 Cal.4th 1041 [36 Cal.Rptr.2d 74, 884 P.2d 1022].) The theory that the Legislature intended the term "vehicle theft" to mean only those violations of Vehicle Code section 10851 involving intent to permanently deprive is refuted by its increase of the penalties for all violations of that statute.

Also telling is the Legislature's 1995 amendment of Vehicle Code section 10851. In pertinent part, the amended statute states in subdivision (b)(2): "Any person who has been convicted of *one or more previous felony violations of this section* . . . is punishable as set forth in Section 666.5 of the Penal Code. . . ." (Stats. 1995, ch. 101, § 3, No. 4 West's Cal. Legis. Service, p. 383.) ▇ When a statute has been changed by amendment it must be assumed that the changes had a purpose. However, that purpose is not necessarily to change the law. A consideration of the surrounding circumstances may indicate that the amendment was simply the result of a legislative attempt to clarify the true meaning of the statute. (*Williams* v. *Garcetti* (1993) 5 Cal.4th 561, 568 [20 Cal.Rptr.2d 341, 853 P.2d 507].) ▇ Here, by indicating that a person with *any* felony violation of Vehicle Code section 10851 is punishable as set forth in Penal Code section 666.5, the Legislature was not changing the law, but was clarifying any possible confusion engendered by its technically imprecise use of the term "vehicle theft."

Finally, it is worth noting that the Legislature is not alone in its casual use of that term as a shorthand way to describe the crime defined by Vehicle Code section 10851; the Supreme Court itself has used the same loose terminology. In *In re Pedro T.*, *supra*, 8 Cal.4th 1041, the high court began its opinion by stating, "In 1989 the Legislature amended Vehicle Code section 10851 . . . to increase the maximum punishment for *vehicle theft* from three years to four. . . . [¶] This case presents the question whether one who committed *vehicle theft* during the effective period of the provision for increased punishment, but whose conviction for that offense was not yet final as of the 'sunset' date of that provision, can be sentenced thereunder." (*Id.* at p. 1043, italics added.)

To summarize, the trial court correctly sentenced appellant based on Penal Code section 666.5, as its applicability is not limited to cases in which it can

be determined that the prior and current violations of Vehicle Code section 10851 were based on the defendant's intent to commit theft.

C. *The Prior Prison Term Enhancement**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Stein, J., and Swager, J., concurred.

A petition for a rehearing was denied September 25, 1996, and appellant's petition for review by the Supreme Court was denied December 18, 1996.

---

*See footnote, *ante*, page 1536.