Filed 2/22/21  P. v. Romayor CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALEXANDRA ROMAYOR, Defendant and Appellant. | H047661 (Monterey County Super. Ct. No. 18CR005483) |

Appellant Alexandra Romayor appeals from a December 2019 order denying her petition to vacate her murder conviction and be resentenced pursuant to Penal Code section 1170.95.[1]  Romayor's appellate counsel filed a brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and Romayor filed a supplemental brief.

For the reasons explained below, we affirm the trial court's order denying Romayor's petition under section 1170.95.

---

[1] Unspecified statutory references are to the Penal Code.

# I. BACKGROUND[2]

On April 4, 2019, the Monterey County District Attorney (district attorney) filed a first amended information (information) charging Romayor with a willful, deliberate, and premeditated murder committed on or about June 5, 2018 (§§ 187, subd. (a), 189; count 1), being an accessory after the fact to a murder on or about June 2, 2018 (§ 32; count 2), and carrying a loaded firearm on or about June 6, 2018 (§ 25850, subd. (a); count 4).[3]  As to count 4, the information alleged an alternative penalty enhancement (§ 25850, subd. (c)(6)).

On April 22, 2019, Romayor filed a motion to dismiss under section 995. Romayor asserted the district attorney had failed to present sufficient evidence at a March 2019 preliminary hearing to prove that she committed the murder and firearm offenses. As to the murder charge, Romayor argued "[t]here was no evidence that Romayor had the specific intent to kill" the victim.  The district attorney filed a written opposition to Romayor's motion.  The opposition addressed Romayor's liability for murder in light of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 as of January 1, 2019.[4]  (Stats. 2018, ch. 1015, §§ 2, 3.)  Romayor filed an answer to the district attorney's opposition.  On May 17, 2019, the trial court denied Romayor's section 995 motion.

---

[2] We do not recount the underlying facts of Romayor's offenses here because Romayor ultimately pleaded no contest to the charged crimes and the facts are not relevant to the issue on which we decide this appeal.

[3] Count 1 alleged the murder was committed by Romayor and her co-defendant, Santos Samuel Fonseca.  Further, in count 3, the information alleged that co-defendant Fonseca, on or about June 2, 2018, committed a willful, deliberate, and premeditated murder (§§ 187, subd. (a), 189).

[4] Senate Bill 1437 also added section 1170.95, which authorizes "an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime." (*People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236–237; Stats. 2018, ch. 1015, § 4.)

Five days later, on May 22, 2019, Romayor and the district attorney reached a negotiated disposition of the charges in the information. Pursuant to a written plea agreement, the district attorney moved to amend count 1 to charge Romayor with second degree murder (§ 187) and strike the reference to willful, deliberate, and premeditated murder as to Romayor. The trial court granted the amendment. Romayor then pleaded no contest to counts 1, 2, and 4 and admitted the alternative penalty enhancement. The preliminary hearing transcript served as the factual basis for Romayor's plea. The parties agreed that Romayor would be sentenced to a determinate term of two years eight months plus an indeterminate term of 15 years to life, with no parole eligibility for 15 years. As part of the plea agreement, Romayor waived all rights to state and federal writs and appeals and "further agree[d] not to ask the Court to withdraw [her] plea for any reason after it is entered."

On June 28, 2019, the trial court sentenced Romayor in accordance with the plea agreement and awarded her presentence custody credit.

On October 17, 2019, Romayor filed a petition for resentencing under section 1170.95 (petition).[5] In the petition, Romayor alleged: (1) an information had been filed against her "that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine;" (2) she pleaded no contest to murder "because [she] believed [she] could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine;" and (3) "[she] could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Romayor alleged further that she "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and [she] could not now be convicted of murder because of changes to Penal

_____

[5] Romayor's petition is a form petition in which she checked boxes beside preprinted, purportedly applicable statements.

Code § 188, effective January 1, 2019." Romayor requested that counsel be appointed to represent her on the petition.

On November 15, 2019, the trial court appointed counsel for Romayor and continued the case.

On November 22, 2019, the district attorney filed an opposition to Romayor's petition. The district attorney contended that Romayor's petition should be denied because her "conviction occurred after the effective date of the amendments to Penal Code [sections] 188 and 189" (underlining omitted) and, thus, "she cannot make the prima facie showing" required by section 1170.95, subdivision (a)(3).[6] Further, the district attorney argued, "even if [Romayor] made this prima facie showing, her claim fails on its merits because her murder conviction is undisturbed by the amendments to Penal Code [sections] 188 and 189." The district attorney did not make any argument regarding Romayor's waiver of her rights to appellate and postconviction relief. Romayor did not file a reply to the district attorney's opposition.

On December 13, 2019, the trial court denied Romayor's petition. The trial court concluded that Romayor is not eligible for resentencing under section 1170.95 because "the law [regarding murder] that is currently in effect was in effect at the time [Romayor] entered her plea." In addition, the trial court found, assuming arguendo that Romayor were eligible for relief, she was "a major participant and acted with reckless indifference to human life by setting up [the murder victim, who] she knew from a prior prostitution relationship."

Romayor filed a timely notice of appeal of the trial court's decision denying her petition.[7]

---

[6] The district attorney conceded that Romayor satisfied the first two requirements of section 1170.95, subdivision (a)(1) and (2).

[7] The trial court's postjudgment order denying Romayor's petition is appealable under section 1237, subdivision (b). (*People v. Lopez* (2020) 51 Cal.App.5th 589, 595.)

This court appointed counsel to represent Romayor on appeal. Romayor's appointed appellate counsel filed a brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496, that raises no issues and notes that, under *Serrano*, an independent review of the record by this court is not necessary. Thereafter, we notified Romayor that she could submit a supplemental brief on her own behalf within 30 days.

Romayor timely filed a supplemental brief. In it, Romayor asserts that "although [Senate Bill] 1437 was already in effect at the time of her plea agreement[,] she qualifies for relief" but does not elaborate on why she merits relief notwithstanding that the new law was already in effect. Romayor further contends the trial court's finding that she was a major participant in the crime and acted with reckless indifference to human life is "inconsistent with the preliminary hearing" evidence.

## II. DISCUSSION

Under California law, a defendant is entitled to an appeal as of right from his or her judgment of conviction (§ 1237, subd. (a); *People v. Kelly* (2006) 40 Cal.4th 106, 117) and has the constitutional right to the assistance of counsel in that appeal (*Douglas v. California* (1963) 372 U.S. 353, 355). Thus, when counsel in a first appeal of right notifies the court that there are no arguable issues, the court must conduct an independent review of the record to protect the defendant's right to counsel. (*Kelly*, at p. 119; see also *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*); *Serrano*, *supra*, 211 Cal.App.4th at p. 500.) However, "[b]oth the United States Supreme Court and the California Supreme Court have concluded that due process does not require [independent] review [of the record] other than in the first appeal of right." (*Serrano*, at p. 500; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278.) This case is an appeal from a postjudgment order, not a first appeal of right from a judgment of

conviction.  Thus, here, under *Serrano*, we consider only the claims raised in Romayor's supplemental brief.[8]  (See *Cole*, at pp. 1039–1040.)

We turn first to Romayor's threshold argument that she qualifies for relief under section 1170.95 even though the changes made by Senate Bill 1437 to the murder laws were in effect at the time she was prosecuted and pleaded no contest to second degree murder.  Although Romayor's contention may be minimally arguable, for the reasons explained below, it lacks merit.

"Senate Bill 1437, which took effect on January 1, 2019, 'addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine[.]' " (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  "Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  "To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code." (*Ibid.*)  Namely, section 189, subdivision (e), which amended the felony murder rule; section 188, subdivision (a)(3), which amended the natural and

---

[8] Recently, our colleagues in Division Three of the Fourth District Court of Appeal concluded that "an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition (regardless of whether the petitioner has filed a supplemental brief)." (*People v. Flores* (2020) 54 Cal.App.5th 266, 274 (*Flores*); *id.* at p. 269 ["a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599 [agreeing with *Flores*]; see also *People v. Allison* (2020) 55 Cal.App.5th 449, 456; but see *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135 [disagreeing with *Flores*].)  Even assuming arguendo that discretionary, independent review is available in an appeal from a denial of a section 1170.95 petition, we conclude Romayor is ineligible as a matter of law for relief under section 1170.95 and therefore do not conduct such a review here.

probable consequences doctrine; and section 1170.95, which created "a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Id*. at p. 843.)

Under section 1170.95, "[a] petitioner is eligible for relief if he or she makes a prima facie showing of the three criteria listed" in subdivision (a). (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975 (*Drayton*).) Subdivision (a) of section 1170.95 provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

In the trial court, the district attorney contended that Romayor did not satisfy the third eligibility requirement under section 1170.95, subdivision (a), because she entered her no-contest plea under the murder laws as amended by Senate Bill 1437. The trial court agreed with the People's position, as do we.

Our analysis of the question whether Romayor is eligible for relief under section 1170.95 involves statutory interpretation. "The construction and interpretation of section 1170.95 is a question of law we consider de novo. Our task 'is to ascertain the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language "in

isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.] We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.' " (*People v. Howard* (2020) 50 Cal.App.5th 727, 737.)

By enacting section 1170.95, "Senate Bill 1437 creates a specific mechanism for retroactive application of its ameliorative provisions" that changed murder law. (*Gentile*, *supra*, 10 Cal.5th at p. 853.) Section 1170.95 was "added to the Penal Code to permit individuals convicted before [Senate Bill] 1437's effective date to seek the benefits of the new law from the sentencing court." (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104–1105, review granted Nov. 13, 2019, S258175; see *People v. Cervantes* (2020) 46 Cal.App.5th 213, 221.) Under the terms of section 1170.95, a petitioner is eligible for relief from his or her murder conviction—which was based on felony murder or the natural and probable consequences doctrine—if he or she "could not be convicted" of murder at present "because of changes to" the murder law made by Senate Bill 1437, "effective January 1, 2019." (§ 1170.95, subd. (a)(3); see *People v. Lopez* (2020) 56 Cal.App.5th 936, 948 ["[T]he third condition can be construed as 'petitioner could not be found guilty of first or second degree murder under the current law if he or she were now tried.' "].) In our view, this condition, when considered in the context of the ameliorative changes to the murder law effected by Senate Bill 1437, requires that the petitioner had been convicted under the prior murder law to be eligible for relief from that conviction under section 1170.95. If we were to interpret section 1170.95 to apply to persons like Romayor who were convicted of murder under the new murder law, we would render ineffectual the altered circumstance intended by the "*because of changes to*" murder-law

language in subdivision (a)(3) of section 1170.95 (italics added). We also would allow a circumstance that is inconsistent with the overall retrospective purpose of the statute. Such actions would be inappropriate under the ordinary principles governing statutory interpretation. (See *People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.)

For these reasons, we conclude that as a matter of law Romayor is ineligible for relief under section 1170.95 from her second-degree murder conviction entered after Senate Bill 1437 became effective. (See *Drayton*, *supra*, 47 Cal.App.5th at pp. 980–981.) Accordingly, the trial court properly denied Romayor's petition on the ground of ineligibility.[9]

## III. DISPOSITION

The trial court's December 13, 2019 order denying Romayor's petition for resentencing under Penal Code section 1170.95 is affirmed.

---

[9] Based on our conclusion that Romayor is statutorily ineligible for relief, we need not consider Romayor's additional argument that the trial court also erred by finding Romayor was a major participant in the crime and acted with reckless indifference to human life.

_____
                         Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H047661**
*People v. Romayor*