Filed 3/23/23  P. v. Dhillon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095702 |
| v. | (Super. Ct. No. 21FE005314) |
| RAVINDEER DHILLON, | |
| Defendant and Appellant. | |

A jury found defendant Ravindeer Dhillon guilty of felony identity theft, and the trial court found true allegations that defendant was previously convicted of two strike offenses.  After denying defendant's motion to dismiss the prior strike allegations under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), the trial court sentenced defendant to an aggregate four years in state prison.

Defendant now contends (1) there was insufficient evidence to support his conviction for identity theft, and (2) the trial court erred in ruling that changes to Penal Code section 1385[1] enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81) do not apply to prior strike offenses.

---

[1] Undesignated statutory references are to the Penal Code.

1

Finding no error, we will affirm the judgment.

BACKGROUND

After responding to a report of a vehicle blocking traffic, California Highway Patrol Officer Liz Dutton found a black 2013 Mercedes Benz in the road with its flashers activated and engine running. Defendant was asleep in the driver's seat and Officer Dutton saw what appeared to her to be a rifle in the back seat. It was actually a BB gun. There was a black backpack on the front passenger seat.

Officer Dutton looked inside the backpack where, among other things, she found five blank checks belonging to Olivehurst Public Utility District along with debit and credit cards belonging to people other than defendant. Officer Dutton also found a recent bill of sale for the vehicle made out to defendant and a notebook with the personal information of numerous individuals.

California Highway Patrol Special Investigations Unit Officer William Mason conducted a further investigation. Officer Mason observed that the notebook was tabbed on the right-hand side; each tab corresponded to identifying information for a different person. There were 38 handwritten profiles that included names, dates of birth, social security numbers, e-mail addresses, phone numbers, driver's license numbers, and home addresses. Ten of those profiles corresponded to personal identifying information for DMV applicants.

The People charged defendant with the identity theft of 10 or more people (§ 530.5, subd. (c)(3).) The People further alleged defendant had two prior strike convictions pursuant to section 667, subdivisions (b) through (i).

At trial, four people testified that the notebook contained their personal identifying information. They also testified that they do not know defendant and did not give him permission to possess their information. Officer Mason testified the information contained in the notebook could be used to open a bank account, a credit card, or a debit card. The information also could be used to obtain a loan. In addition, the manner in

2

which the information was stored allowed defendant quick access to a specific person and all their identifying information.

The jury found defendant guilty of felony identity theft. The trial court found true the prior strike allegations. At sentencing, the trial court denied defendant's *Romero* motion:

"Along with the papers and arguments, the Court has considered the constitutional rights of the defendant, as well as the interests of society as represented by the People. The Court has also considered various individualized factors relative to the defendant, the circumstances of the current offense, the nature of the prior strike and convictions, and the defendant's other criminal history.

"The Court is mindful of its duty to consider all relevant factors and look at the totality of the circumstances. The Court is also aware of the recent amendments to Penal Code Section 1385. In particular, the addition of subdivision "C," effective January 1 of this year, by way of [Senate Bill] 81.

"With that backdrop, having considered and weighed all required and relevant factors, the Court declines to exercise its authority to strike the strikes in this case."

The court explained its reasons for denying defendant's motion, and concluded: "This is not a close call today. [Defendant] clearly does not fall outside the spirit of the three-strikes law at this time." The court also rejected "any argument that [Senate Bill] 81's addition of Penal Code Section 1385[, subdivision] (c) mandatorily applies to [defendant's] Romero invitation. [Senate Bill] 81 does not apply to alternative sentencing schemes.

"As our Supreme Court stated in Romero -- specifically at page 527 -- three-strikes law is considered an alternative sentencing scheme, not an enhancement."

3

DISCUSSION

I

Defendant contends there is insufficient evidence to support his conviction for identity theft.  We disagree.

To determine the sufficiency of the evidence, we ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Hatch* (2000) 22 Cal.4th 260, 272, italics omitted.)  We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)  "Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction. [Citation.]" (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)  " ' " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' [Citations.]" (*People v. Casares* (2016) 62 Cal.4th 808, 823-824, overruled in part on other grounds as stated in *People v. Dalton* (2019) 7 Cal.5th 166, 214.)  Thus, reversal is not warranted unless there is no hypothesis on which there exists substantial evidence to support the conviction. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"Every person who, with the intent to defraud, acquires or retains possession of the personal identifying information, as defined in subdivision (b) of section 530.55, of 10 or more persons," is guilty of identity theft. (§ 530.5, subd. (c)(3).)

Defendant argues there is insufficient evidence that he intended to use the personal identifying information he possessed to defraud anyone.  But police found defendant sleeping in his car with the personal identifying information of at least 10 people.  The information was organized and stored in a manner that allowed quick access.  It was the kind of information needed to open bank accounts, apply for credit cards, and apply for

loans. A jury could reasonably infer based on the volume of information, the type of information, and the way the information was organized and stored, that defendant intended to use the information to defraud. The evidence is circumstantial, but direct evidence of an intent to defraud is not required; indeed, intent is often established by circumstantial evidence. (See *People v. Truong* (2017) 10 Cal.App.5th 551, 558 [finding a jury could reasonably infer intent to defraud based on surrounding circumstances].) The evidence is sufficient to support the jury's verdict.

II

Defendant argues the amendments to section 1385 made by Senate Bill 81 apply to prior strike convictions. The People respond that the plain language of the statute unambiguously applies only to enhancements, and the three strikes law is an alternative sentencing scheme, not an enhancement. We find the People's argument more convincing.

Whether the amendments to section 1385 apply to a prior strike conviction is a question of statutory interpretation, which we review de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694 (*Tirado*).) To resolve whether defendant's interpretation of the statute is correct, "we are guided by familiar canons of statutory construction. '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]" ' [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] 'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than

5

defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People v. Coronado* (1995) 12 Cal.4th 145, 151.)

Under section 1385, subdivision (a), the trial court "may, . . . in furtherance of justice, order an action to be dismissed." This authority under section 1385, subdivision (a) includes the power to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 158.)

Effective January 1, 2022, Senate Bill 81 amended section 1385 to add specific mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (§ 1385, subd. (c); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.)

Subdivision (c) of section 1385 applies to the dismissal of an enhancement. (§ 1385, subd. (c)(1).) "Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning." (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.) The term "enhancement" has a well-established technical meaning in California law. (*Romero*, *supra*, 13 Cal.4th at pp. 526-527.) "A sentence enhancement is 'an additional term of imprisonment added to the base term.' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 101; see also *Tirado, supra*, 12 Cal.5th at p. 695, fn. 9; see Cal. Rules of Court, rule 4.405(5).) It is equally well-established that

6

the three strikes law does not provide for an enhancement; it is an alternative sentencing scheme for the current offense. (*Romero*, at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.) We presume the Legislature was aware of, and acquiesced in, this established judicial definition of enhancement as well as the distinction between an enhancement and an alternative sentencing scheme like the three strikes law. (*People v. Atkins* (2001) 25 Cal.4th 76, 89-90.) The Legislature did not define the word "enhancement" differently in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant.[2] (*People v. Canty* (2004) 32 Cal.4th 1266, 1277.) The plain language of section 1385, subdivision (c) applies only to an enhancement, and a prior strike is not an enhancement, but part of the three strikes alternative sentencing scheme. Section 1385, subdivision (c)'s provisions regarding enhancements do not apply to prior strike conviction allegations.

DISPOSITION

The judgment is affirmed.


/S/<br>MAURO, J.

We concur:


/S/
ROBIE, Acting P. J.


/S/
BOULWARE EURIE, J.

---

[2] If the legislative history reflects a legislative intent different than that expressed in the plain language of the bill, that is a matter for the Legislature.

7