Filed 6/6/23  P. v. Scott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079172 |
| v. | (Super.Ct.No. FSB21001854) |
| EDWARD LAMAR SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Edward Lamar Scott was charged by amended information with two counts of human trafficking a minor for a sex act (Pen. Code,[1] § 236.1, subd. (c)(1); counts 1 & 4), pimping a minor 16 years of age or older (§ 266h, subd. (b)(1); count 2), pandering by procuring a minor 16 years or older for prostitution (§ 266i, subd. (b)(1); count 3), pimping a minor under the age of 16 (§ 266h, subd. (b)(2); count 5), and pandering by procuring a minor under the age 16 for prostitution (§ 266i, subd. (b)(2), count 6). The amended information further alleged that defendant had two prior strike convictions. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) Pursuant to a plea agreement, he pled no contest to counts 4, 5, and 6 and admitted one of the prior strikes. A trial court denied defendant's request to dismiss his prior strike under the recent amendments of section 1385 and under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), then sentenced him to a total term of 16 years in state prison.

Defendant now contends: (1) the trial court erred in ruling that changes to section 1385 enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81) do not apply to prior strike offenses; (2) the court applied an outdated standard in denying his *Romero* motion; and (3) remand is required because he received ineffective assistance of counsel (IAC). We affirm.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

PROCEDURAL BACKGROUND

Pursuant to a plea agreement, defendant pled no contest to human trafficking a minor for a sex act (§ 236.1, subd. (c)(1), count 4), pimping a minor under the age of 16 (§ 266h, subd. (b)(2), count 5), and pandering by procuring a minor under the age 16 for prostitution (§ 266i, subd. (b)(2), count 6). He also admitted that he had a prior strike conviction for active participation in a criminal street gang. (§§ 186.22, subd. (a), 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) In exchange, the court agreed to sentence defendant to the middle term of eight years on count 4, doubled pursuant to the strike, impose concurrent terms on counts 5 and 6, and dismiss counts 1 through 3.

Prior to sentencing on March 18, 2022, defendant argued that the amendments to section 1385, which took effect in January 2022, applied to his prior strike conviction and the court, thus, should consider the factors in section 1385, subdivision (c), and dismiss his prior strike. The prosecutor pointed out that section 1385 pertained to enhancements specifically, and the prior strike did not qualify as an enhancement. She explained that a prior strike was a part of an alternative sentencing scheme, in which the base term was doubled, whereas enhancements added an additional term to the base term. After some discussion, the court concluded that the amendments to section 1385 applied to enhancements, not prior strikes, and thus rejected defendant's claim.

At the next hearing on April 15, 2022, defendant made an oral *Romero* motion. He argued that his current offenses were not violent, he was not a violent person, he was only 19 years old when he was found guilty of the prior strike offense, he "wasn't born a pimp" and was a victim, and a 16-year sentence was excessive. The prosecutor stated

3

that defendant went to Arizona and brought a 15-year-old and a 17-year-old to California for the sole purpose of prostitution. She asserted that prostitution was dangerous, and defendant repeatedly put those girls in harm's way by having them engage in prostitution for his own profit. The prosecutor also discussed defendant's criminal history and argued that his time in custody had not deterred him from repeating his crimes. After hearing more argument from defense counsel, the court denied the *Romero* motion, noting that defendant was not outside the three strikes law, as he had continuously been involved in criminal activity and had previously been charged with pimping, even in another state. The court further noted that defendant had an agreed-upon disposition, which it would follow. The court then sentenced him to a total term of 16 years in state prison and dismissed counts 1 through 3.

## DISCUSSION

### I. The Amendments to Section 1385 Do Not Apply to Prior Strike Convictions

Defendant argues the court abused its discretion in declining to dismiss his prior strike under recent amendments to section 1385 made by Senate Bill 81. He claims the court erred by failing to afford great weight to certain factors listed in section 1385, subdivision (c)(2).[2] Defendant additionally argues the trial court erred in denying his *Romero* motion by applying an outdated standard, and in light of the Legislature's intent

---

[2] Defendant specifically claims the court erred in failing to afford great weight to the discriminatory racial impact of doubling his sentence based on the prior strike (§ 1385, subd. (c)(2)(A)), the fact that his current offense did not involve violence (§ 1385, subd. (c)(2)(F)), the fact that his prior strike conviction was over five years old (§ 1385, subd. (c)(2)(H)), and the fact that the application of the strike could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)).

4

in amending section 1385, this court should find that defendants no longer bear the burden of establishing that they are "outside the spirit of the Three Strikes Law." He contends that the presence of one or more of the factors listed in section 1385, subdivision (c)(2), "should be deemed as presumptively establishing that one falls 'outside' the spirit of the three strikes law." We conclude the amendments to section 1385 apply to enhancements, but not prior strike convictions.

Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation, which we review de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694 (*Tirado*).) "To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by familiar canons of statutory construction. '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes." (*People v. Coronado* (1995) 12 Cal.4th 145, 151.) "We have long recognized that the language used in a statute or constitutional provision should be given its ordinary meaning, and '[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters).' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357.)

Under section 1385, subdivision (a), the trial court "may . . . in furtherance of justice, order an action to be dismissed." This authority under section 1385, subdivision (a), includes the power to "strike or vacate an allegation or finding under the three strikes

5

law that a defendant has previously been convicted of a serious and/or violent felony, . . .” (*People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).)

Effective January 1, 2022, Senate Bill 81 amended section 1385 “to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant’s sentence in the interest of justice.” (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see § 1385, subd. (c).)  Section 1385, subdivision (c), now provides: “(1) Notwithstanding any other law, the court shall dismiss *an enhancement* if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.  [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the *enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety.” (Italics added.)

“Subdivision (c) of section 1385 expressly applies to the dismissal of an ‘enhancement.’ ” (*People v. Burke* (2023) 89 Cal.App.5th 237, 243 (*Burke*); see § 1385, subd. (c)(1).)  “Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.” (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.)  The term “enhancement” has a well-established technical meaning in California law. (*Romero*, *supra*, 13 Cal.4th at pp. 526-527.)  “A sentence enhancement is ‘an *additional* term of imprisonment added to the base term.’ ” (*People v. Jefferson* (1999) 21 Cal.4th 86, 101; see *Tirado*, *supra*, 12 Cal.5th at p. 695, fn. 9; see

6

also Cal. Rules of Court, rule 4.405(5).) It is equally well established that "[t]he Three Strikes law is a penalty provision, not an enhancement. It is not an enhancement because it does not add an additional term of imprisonment to the base term." (*People v. Williams* (2014) 227 Cal.App.4th 733, 744; see also *Romero*, *supra*, 13 Cal.4th at p. 527 ["The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than an enhancement."].) "We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Burke*, *supra*, 89 Cal.App.5th at p. 243.) We note that the Legislature did not otherwise define the word "enhancement" in section 1385. (*Ibid*.) "Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant." (*Ibid*., fn. omitted.)[3]

In sum, "[t]he plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Burke*, *supra*, 89 Cal.App.5th at p. 244.) Thus, contrary to defendant's claim, the court was not required to consider the factors listed in section 1385, subdivision (c)(2), in deciding whether or not to dismiss his prior strike conviction.

---

[3] As noted by the court in *Burke*, "much of the legislative history [of Senate Bill 81] is inconsistent with this plain language and suggests that the term enhancement includes the Three Strikes law." (*Burke*, *supra*, 89 Cal.App.5th at p. 243, fn 3.) "To the extent this history reflects a legislative intent different than that expressed in the plain language of the bill, that is a matter for the Legislature to correct." (*Ibid*.)

7

Since we have determined that section 1385, subdivision (c), does not apply to strikes, the traditional manner of analyzing strikes remains in place. (See *Williams*, *supra*, 17 Cal.4th at p. 161.) We accordingly also conclude defendant's claim that based on the recent amendments to section 1385, the court utilized an outdated standard in denying his *Romero* motion, has no merit.

## II. Defendant Has Not Established IAC

Defendant alternatively contends a remand is required because he received IAC. This claim fails.

To demonstrate IAC, a defendant must establish that his counsel's performance was deficient under an objective standard of professional competency and that there is a reasonable probability that but for counsel's errors, a more favorable determination would have resulted. (*People v. Holt* (1997) 15 Cal.4th 619, 703.) If the defendant makes an insufficient showing on either one of these components, the claim fails. (*Ibid.*) "Moreover, ' "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." [Citation.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

Defendant first contends his counsel's performance was deficient since counsel "confused the priors" and "indicat[ed] [defendant] had admitted to the wrong prior." Defendant claims there was "no reasonable strategy" for doing so. However, the record

8

does not reflect that counsel indicated defendant admitted to the wrong prior conviction.[4]

Moreover, the opening brief concedes that such "error" "was, evidently, an oversight." Defendant then claims his counsel failed to place additional evidence into the record to "establish the racially discriminatory impact of gang prosecutions." Defendant appears to be referring to the portion of section 1385 which provides that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that . . . [¶] (A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745." (§ 1385, subd. (c)(2)(A).) We note that defense counsel vigorously argued that the amendments to section 1385 applied and that the court should afford great weight to the factors listed. In any event, defendant has not and cannot establish that his counsel's performance was deficient since the amendments to section 1385 do not apply here. (See *ante*, § I.)

Furthermore, defendant has failed to establish prejudice. He claims he was prejudiced by his counsel's alleged errors "*and* by the trial court's application of incorrect/outdated standards to the question of whether to strike the strike prior." (Italics added.) He then goes on to essentially repeat his claim that the court failed to afford great weight to the factors in section 1385, subdivision (c). However, as discussed *ante*, the provisions of subdivision (c) of section 1385 do not apply here; thus, defendant was

---

[4] We note that trial counsel did briefly refer to defendant's prior conviction in 2009 for residential burglary, which was not the prior strike he admitted. Counsel also briefly confused defendant's name with his codefendant's name, while arguing to the court. However, he quickly corrected himself.

9

not prejudiced by his counsel's alleged errors. (See *ante*, § I.) Furthermore, the court was not required to apply the amendments to section 1385 in deciding whether to dismiss the prior strike and, in any event, the court's actions are irrelevant to a claim of IAC.

We conclude that defendant has failed to establish his counsel was ineffective. Therefore, no remand is required.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                        J.

We concur:

CODRINGTON _____
          Acting P. J.

RAPHAEL _____
             J.