Filed 1/8/24  P. v. Ray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH RAY,<br><br>       Defendant and Appellant. | C097611<br><br>(Super. Ct. No. CM030757) |

Defendant Kenneth Ray appeals from his Penal Code section 1172.75 resentencing.[1] He asserts the trial court should have performed a full resentencing rather than simply striking his no-longer-valid, one-year-prior-prison-term enhancement.  The People concede the point. We agree and reverse and remand for full resentencing pursuant to section 1172.75. Defendant also asserts the trial court should have considered whether to strike his "Three Strikes" law prior (serious or violent felonies) under the guidelines of section 1385 as recently amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81).  On this point, we disagree.  We conclude the changes to section 1385 on which defendant relies apply to enhancements, not alternative sentencing schemes such as the Three Strikes law.

---

[1] Undesignated statutory references are to the Penal Code.  Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) added section 1171.1 to the Penal Code.  (Stats. 2021, ch. 728, § 3.)  That section has been renumbered as section 1172.75.  (Stats. 2022, ch. 58, § 12.) We shall refer to section 1172.75 throughout this opinion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, an amended information charged defendant with two counts of corporal injury to a spouse/cohabitant/child's parent (§ 273.5, subd. (a); counts 1 & 2). The trial court dismissed a third such count. The information contained prior prison term (§ 667.5, former subd. (b)) and prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subd. (b)-(i)) allegations in connection with each count. A jury found defendant guilty on count 1 and not guilty on count 2. In a bifurcated proceeding, the trial court found the prior conviction and prior prison term allegations to be true. The trial court denied defendant's motion to strike one or more of his prior strike convictions. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court sentenced defendant to 25 years to life on count 1 and a consecutive one-year term for a single section 667.5, former subdivision (b) prior prison term enhancement. This court affirmed the judgment. (*People v. Ray* (Aug. 16, 2012, C066448) [nonpub. opn.].)

Following enactment of Senate Bill No. 483 and the addition of what is now section 1172.75 to the Penal Code, on July 28, 2022, the trial court determined defendant had been sentenced to an enhancement described in that section that had been rendered legally invalid. The court appointed counsel and placed the matter on its calendar for resentencing.

At the hearing, the trial court stated that the matter was "very basic," and that there was not "anything very controversial about this." The court stated it would "strike the prior prison terms pursuant to . . . [s]ection 667.5[, former subdivision ](b) with the understanding there are two prior prison terms. One of which had been stayed."[2] Otherwise, the trial court did not address defendant's prison sentence.

_____

[2] This is incorrect. While not appearing on the abstract of judgment, an attachment indicated there were two prior prison term enhancements, one of which was stayed. However, in a subsequent order, the trial court clarified there was but one such enhancement encompassing all prior convictions.

2

DISCUSSION

I

*Entitlement to Full Resentencing*

According to defendant, section 1172.75 contemplates a full resentencing, and, because the trial court did not perform a full resentencing, the matter must be remanded. The People agree. We also agree.

Prior to enactment of Senate Bill No. 136 (2019-2020 Reg. Sess.), with specified exceptions, under former subdivision (b) of section 667.5, felony offenders were subject to a one-year sentence for each separate prior prison term. (§ 667.5, former subd. (b).) Following enactment of Senate Bill No. 136, prior prison terms only for sexually violent offenses are subject to that one-year sentence enhancement. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.)

Senate Bill No. 483 established these changes were retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) Under what is now section 1172.75, subdivision (a) any "sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

Section 1172.75 created a mechanism for identifying individuals serving terms including these enhancements, recalling those sentences, and resentencing. The Secretary of the Department of Corrections and Rehabilitation and county correctional administrators are required to identify defendants serving terms including such enhancements and to provide the identities of those defendants to the sentencing court. (§ 1172.75, subd. (b).) The sentencing court must then review the judgment and, if the judgment includes such an enhancement, the court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

3

Defendant was correctly identified under these provisions and the court properly recalled his sentence and resentenced him. However, as to his prison sentence, the court struck only the subject enhancement. "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) For example, section 1172.75 creates a presumption that resentencing shall result in a lesser sentence than that originally imposed (§ 1172.75, subd. (d)(1)), requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)), allows the court to consider postconviction factors (§ 1172.75, subd. (d)(3)) and guides the court in selecting the appropriate terms (§ 1172.75, subd. (d)(4)).

Defendant was entitled to a full resentencing. We reverse and remand for a full resentencing pursuant to section 1172.75.

## II

### *Enhancements and Alternative Sentencing Schemes*

Defendant asserts that, at his resentencing, the trial court should have considered whether to strike his prior serious or violent felonies, and specifically should have done so under guidelines added to section 1385 by Senate Bill No. 81. We disagree.

Among other things, Senate Bill No. 81 added subdivision (c) to section 1385. As relevant here, subdivision (c) provides, in part: "(c) (1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1)-(2), as amended by Stats.

4

2021, ch. 721, § 1.) Defendant contends the trial court was required to consider striking his prior strike convictions under these guidelines of section 1385 as amended by Senate Bill No. 81.

In *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), another panel of this court concluded: "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' [Citation.] 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant. [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Id*. at pp. 243-244, fn. omitted.) Defendant acknowledges *Burke* but urges it was wrongly decided and asks us to reconsider. We agree with the analysis in *Burke* and will adopt it here.

Defendant's reliance on dictionary and legal dictionary definitions of the term "enhancement" does not persuade us that, contrary to *Burke*'s conclusion, that term as used in section 1385 encompasses Three Strikes law alternative sentencing within its meaning. (See *People v. Carter* (1996) 48 Cal.App.4th 1536, 1540 ["words used in a statute are presumed to be used in accordance with their established legal or technical meaning"].) Nor are we

5

persuaded by defendant's argument that *Burke*'s interpretation violates the canon against surplusage. "If the plain language of a statute or regulation is clear and unambiguous, our task is at an end and there is no need to resort to the canons of construction or extrinsic aids to interpretation." (*Butts v. Board of Trustees of California State University* (2014) 225 Cal.App.4th 825, 838.)

We also disagree with defendant's contention that the term "enhancement" in this context has not been judicially construed. Defendant suggests that, in *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at page 497, the California Supreme Court did not *decide* that the Three Strikes law "articulates an alternative sentencing scheme for the current offense rather than an enhancement," but rather was *describing the defendant's argument*. (*Id*. at p. 527.) We need not determine whether defendant is correct. Subsequent cases have employed this language and affirmatively distinguished enhancements from alternative sentencing schemes in this way. (See, e.g., *People v. Frutoz* (2017) 8 Cal.App.5th 171, 174, fn. 3 ["It has long been settled that the three strikes law 'articulates an alternative sentencing scheme for the current offense rather than an enhancement' "], quoting *Romero*, at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744 [the "Three Strikes law is a penalty provision, not an enhancement"].) Whether or not *Romero* did, other courts have plainly construed the Three Strikes law alternative sentencing scheme as distinguishable from, and something other than, an enhancement. " '[W]hen the Legislature amends a statute without changing those portions of the statute that have previously been construed by the courts, the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction.' " (*People v. Atkins* (2001) 25 Cal.4th 76, 89-90.)

Defendant discusses the legislative history of Senate Bill No. 81 at length. We need not follow suit. "[R]esort to legislative history is appropriate only where statutory language is ambiguous." (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 29.) Agreeing with the characterization in *Burke* that the statute is clear and unambiguous, we "follow its plain meaning and do not consider the legislative history

6

cited by defendant." (*Burke*, *supra*, 89 Cal.App.5th at p. 243.) Defendant emphasizes certain parts of the legislative history that are inconsistent with the well-established definition of the term "enhancement." However, to the extent the Legislature did not intend to use the term "enhancement" in accordance with its well-established definition, "that is a matter for the Legislature to correct." (*Id.* at p. 243, fn. 3.)

Lastly, because the statute is clear and unambiguous, the rule of lenity, requiring a preference for the interpretation most favorable to the defendant, is inapplicable. (*People v. Manzo* (2012) 53 Cal.4th 880, 889.)

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court for full resentencing pursuant to section 1172.75.

/s/
Mesiwala, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.